FILED

2008 Jan-11  PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-07-S-607-NE** |
| | ) | |
| **FOUR (4) FIREARMS, and** | ) | |
| **ASSORTED AMMUNITION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

The United States of America filed the above-styled civil action on April 4, 2007, pursuant to 18 U.S.C. § 924(d)(1), seeking the civil forfeiture *in rem* of the above-named defendant firearms and ammunition.[1]  In its verified complaint, the United States identified William Stacks and Linda Stacks as possible claimants.[2]  The court subsequently ordered William and Linda Stacks to show cause why the defendant firearms and ammunition should not be forfeited to the United States of America.[3]  William and Linda Stacks filed a joint response to the show cause order on May 9, 2007, asserting that the defendant firearms and ammunition have no nexus with interstate commerce, and that Linda Stacks — who did not take part in the crime

---

[1]Doc. no. 1 (Verified Complaint for Forfeiture *In Rem*).

[2]*Id.* at ¶ 8.

[3]Doc. no. 2.

that led to the forfeiture — has a one-half "equitable interest" in the property.[4]  The Stacks' response was signed only by their attorney.

On July 11, 2007, the United States filed a warrant for the arrest of the defendant firearms and ammunition, and for service of notice of the action on all possible claimants.  The warrant stated:

> All persons claiming an interest in said firearms shall file their claims within thirty (30) days after the execution of process or within such additional time as may be allowed by the court, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime claims, and shall serve and file their answers within twenty (20) days after the filing of the claim with the Office of the Clerk, United States District Court, Northern District of Alabama . . . .[5]

William and Linda Stacks both were served with copies of the Warrant for Arrest and Notice on July 11, 2007.[6]  The United States also caused public notice of the action and arrest to be given by publishing a Legal Advertisement and Notice on August 15, August 22, and August 29, 2007, in *The Cullman Times,* a newspaper of general circulation in the district in which the defendant property is located.[7]

Neither William Stacks nor Linda Stacks filed a claim or answer in this lawsuit after being served with a copy of the Warrant for Arrest and Notice.  On November

---

[4]Doc. no. 5.

[5]Doc. no. 6 (Warrant for Arrest and Notice), at 2-3.

[6]Doc. nos. 7-9.

[7]*See* doc. no. 10 (Notice of Publication).

2, 2007, plaintiff moved this court, pursuant to Fed. R. Civ. P. 55(b)(2), for entry of a judgment by default against the defendant firearms and ammunition, and against purported claimants William and Linda Stacks.[8]  William Stacks did not file a response to the motion for default judgment.  Linda Stacks did file a response, albeit nine days late.[9]  Ms. Stacks asserts that default judgment should not be entered against her because she filed a response to the show cause order that was entered in this litigation, and because she submitted a letter to the Asset Forfeiture Division of the Bureau of Alcohol, Tobacco, Firearms and Explosives on February 22, 2007, stating that she "claims an equitable interest in all property seized from her residence."[10]  The February 22, 2007 letter contained both Ms. Stacks' notarized signature and the signature of her attorney.[11]

Plaintiff argues that default judgment is proper because, despite their response to this court's show cause order, and despite Ms. Stacks' February 22, 2007 letter, William and Linda Stacks still did not comply with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[12]  Rule G provides,

---

[8]Doc. no. 11.

[9]Doc. no. 17.  Ms. Stacks' response was filed on Dec. 27, 2007.  The court had ordered her to respond by Dec. 18, 2007.  *See* doc. no. 13.

[10]Doc. no. 17, at Exhibit A.

[11]*Id.*

[12]Rule G "governs a forfeiture action in rem arising from a federal statute."  Fed. R. Civ. P., Supp. Rule G(1).

in pertinent part, that

> [a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim *in the court where the action is pending*.  The claim must:
>
>> (A) identify the specific property claimed;
>>
>> (B) identify the claimant and state the claimant's interest in the property;
>>
>> (C) *be signed by the claimant under penalty of perjury*; and
>>
>> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Fed R. Civ. P., Supp. Rule G(5)(a)(I) (emphasis supplied).  The claim must be filed within the time period specified in the notice sent to the potential claimants — here, within thirty (30) days of July 11, 2007.  Fed. R. Civ. P., Supp. Rule G(5)(a)(ii)(A).

> A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim.  A claimant waives an objection to *in rem* jurisdiction or to venue if the objection is not made by motion or stated in the answer.

Fed. R. Civ. P., Supp. Rule G(5)(b).

"A district court 'may require claimants in forfeiture proceedings to comply strictly with [Rule G's] requirements in presenting claims to the court.'" *United States v. $125,938.62,* 370 F.3d 1325, 1328-29 (11th Cir. 2004) (citing 37 C.J.S. Forfeitures § 23).  *See also United States v. $38,000.00 in United States Currency,* 816 F.2d

1538, 1547 (11th Cir. 1987) ("Courts consistently have required claimants to follow the language of the Supplemental Rules to the letter.") (citations omitted).[13]  The filing of a *verified* claim "'is essential to confer[ring] statutory standing upon a claimant in a forfeiture action.'"  *$125,938.62,* 370 F.3d at 1328 (quoting *United States v. $175,918.00,* 755 F. Supp. 630, 632 (S.D. N.Y. 1991)).  The verified claim also

> provides "the government with timely notice of a claimant's interest in contesting the forfeiture and, by requiring a sworn claim, to deter the filing of false claims." . . .  Further, the time limit serves an efficiency purpose by forcing "claimants to come forward as soon as possible . . . so that all interested parties can be heard and the dispute resolved without delay."

*$125,938.62,* 370 F.3d at 1328 (internal citations omitted).

Here, William and Linda Stacks have filed neither a verified claim, nor an answer to the complaint.  The only responsive document they did file was a response to the court's show cause order.  That response cannot be considered a verified claim, because it did not contain the verified signature of either claimant, under penalty of

---

[13]The court *may*, in some cases, "exercise its discretion by extending the time for the filing of a verified claim."  *United States v. $125,938.62*, 370 F.3d 1325, 1329 (11th Cir. 2004) (citing *United States v. One (1) 1979 Mercedes 450SE,* 651 F. Supp. 351, 353 (S.D. Fla. 1987)).  Whether an extension will be granted depends on a variety of equitable factors, but the Eleventh Circuit has instructed district courts to liberally allow amendments to claims for the purpose of correcting technical and procedural errors because "[f]orfeiture is a harsh penalty."  *$125,938.62*, 370 F.3d at 1329.  Here, however, William and Linda Stacks neither requested an extension of time nor moved for leave to amend their any of their pleadings.  There is no authority suggesting the court must allow amendments or extensions even when none have been requested.

perjury, as required by Supplemental Rule G.  Linda Stacks' February 22, 2007 letter

also cannot be considered a verified claim under Rule G.  The letter did describe Ms.

Stacks' alleged interest in the subject property, and it did contain Ms. Stacks' verified

signature.  Even so, the letter was submitted to the Seizure and Forfeiture Specialist

at the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives more than a month

before this case was filed, and no similar claim ever was filed *with the court* after the

case commenced.  *See United States v. United States Currency in the Amount of*

*$2,857.00,* 754 F.2d 208, 213 (7th Cir. 1984) (holding that an administrative claim

filed with the Drug Enforcement Administration did not satisfy the Supplemental

Rules, when no separate claim was later filed with the court);[14] *United States v.*

---

[14]The Seventh Circuit fully explained its holding as follows:

> Raymer argues that the claim he filed with the DEA fulfills the claim requirement of Supplemental Rule C(6) [the predecessor to Rule G(5)].  This argument fails for several reasons.  First and foremost, the claim Raymer filed with the DEA was not verified on oath or solemn affirmation, an essential element of a claim under Rule C(6).  *See Baker v. United States,* 722 F.2d 517, 519 (9th Cir. 1983) (danger of false claims in forfeiture proceedings is substantial).  Second, the DEA claim preceded the execution of process under Rule C(3), whereas Rule C(6) requires a claim to be filed *after* process has been executed.  Third, Raymer filed his DEA claim on December 31, 1982.  Even if it could be deemed a claim under Rule C(6), therefore, Raymer's answer would be untimely because it was filed more than twenty days thereafter.  Lastly, a Rule C(6) claim must be filed with the district court.  Raymer filed his earlier claim with the DEA, which then forwarded it to the U.S. Attorney.  The claim was never filed in the district court, and the record indicates that the first the district court saw of the claim was when Raymer attached a copy of it to his response to the government's motion for summary judgment on may 16, 1983.  Such a claim does not fulfill an important function of the claim requirement of Rule C(6) — notifying the court that the claimant is entitled, by virtue of his sworn claim to the property, to join the action and be heard.

*$1,437.00 U.S. Currency,* 242 F. Supp. 2d 193, 196 (W.D. N.Y. 2002) (same).

Because William and Linda Stacks have not filed a verified claim in this court, and have not otherwise complied with the requirements of Supplemental Rule G, they lack standing to contest the forfeiture of the defendant property.  No other party has asserted a verified claim against the defendant property.  Accordingly, default judgment is due to be entered against William and Linda Stacks, and against the defendant property, and the United States is entitled to a default judgment of forfeiture.  *See, e.g., $1,437.00,* 242 F. Supp. 2d at 196 (granting the government's motion for a default judgment and order of forfeiture when the putative claimant failed to file a verified claim and answer within the time period specified in the Supplemental Rules).  A separate judgment will be entered contemporaneously herewith.

DONE this 11th day of January, 2008.

_____
United States District Judge

---

*United States v. United States Currency in the Amount of $2,857.00,* 754 F.2d 208, 213 (7th Cir. 1984).